UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-60729-RAR

MC & VC CORP.,

    Plaintiff,

v.

SCOTTSDALE INSURANCE CO.,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court upon Defendant's Motion for Summary Judgment [ECF No. 39] ("Motion"), filed on November 17, 2021.  Defendant Scottsdale Insurance Company asserts it is entitled to summary judgment on Plaintiff MC & VC Corporation's claims arising from Defendant's denial of a first-party property insurance claim.  Having considered the Motion, Plaintiff's Response [ECF No. 41], Defendant's Reply [ECF No. 43], Plaintiff's Sur-reply [ECF No. 46], the parties' Statements of Material Facts [ECF Nos. 38, 40, 42], the record, and applicable case law, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion [ECF No. 39] is **GRANTED** as set forth herein.

## BACKGROUND

This case arises from a commercial property insurance policy between the parties.  Def.'s Statement of Material Facts ("Def. Statement") [ECF No. 38] ¶ 1.  The policy contained a provision requiring that Plaintiff provide Defendant with prompt notice in the event of loss or damage to the property and permit Defendant to inspect the property as necessary to determine the scope of coverage.  *Id.* ¶ 2.  On September 10, 2017, during the term of the policy, Plaintiff's property suffered extensive damage due to Hurricane Irma.  *Id.* ¶ 3.  On September 11, 2017, Plaintiff

inspected the property and discovered significant damage.  Pl.'s Statement of Undisputed Material Facts ("Pl. Statement") [ECF No. 40] ¶ 8.  Plaintiff conducted numerous repairs to the property before reporting the loss to Defendant.  Def.'s Reply Statement of Material Facts ("Def. Reply Statement") [ECF No. 42] ¶ 13.  Plaintiff first notified Defendant as to the damage on December 20, 2019, and provided photographs of the damage taken on December 30, 2019.  Def. Statement ¶¶ 5, 6.  Defendant did not inspect the property until after the notice it received on December 20, 2019.  *Id.* ¶ 7.  After inspecting the property, Defendant denied Plaintiff's claim.  Resp. at 4.

## **LEGAL STANDARD**

Summary judgment is rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56(a), (c).  An issue of fact is "material" if it might affect the outcome of the case under governing law.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  It is "genuine" if the evidence could lead a reasonable factfinder to find for the non-moving party.  *See id.*; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  At summary judgment, the moving party bears the burden of proving the absence of a genuine issue of material fact, and all factual inferences are drawn in favor of the non-moving party.  *See Allen v. Tyson Foods Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

If there are any factual issues, summary judgment must be denied, and the case proceeds to trial.  *See Whelan v. Royal Caribbean Cruises Ltd.*, No. 12-22481, 2013 WL 5583970, at *2 (S.D. Fla. Aug. 14, 2013).  Furthermore, when the parties "agree on the basic facts, but disagree about the inferences that should be drawn from these facts," summary judgment "may be inappropriate."  *Id.* (citation omitted).

Insurance policy interpretation is a question of law for the Court, and absent ambiguity, the Court gives full effect to the terms of the policy through their plain meaning. *Canal Indem. Co. v. Margaretville of NSB, Inc.*, 562 F. App'x 959, 961–62 (11th Cir. 2014).

## **ANALYSIS**

Defendant argues that it is entitled to summary judgment because Plaintiff failed to provide prompt notice of its claim as a matter of law. Defendant asserts that given Plaintiff's failure to provide prompt notice, prejudice to Defendant is presumed, and Plaintiff cannot rebut the presumption of prejudice. The Court agrees.

Under Florida law, "notice is a condition precedent to coverage, and an insured's failure to provide 'timely notice of loss in contravention of a policy provision is a legal basis for the denial of recovery under the policy.'" *Aseff v. Catlin Spec. Ins. Co.*, 115 F. Supp. 3d 1364, 1369 (S.D. Fla. 2015) (quoting *Ideal Mut. Ins. Co. v. Waldrep*, 400 So. 2d 782, 785 (Fla. 3d DCA 1981)); *see also Lehrfield v. Liberty Mut. Fire Ins. Co.*, 396 F. Supp. 3d 1178, 1182 (S.D. Fla. 2019). The Eleventh Circuit has explained that "the purpose of policy provisions requiring prompt notice 'is to enable the insurer to evaluate its rights and liabilities, to afford it an opportunity to make a timely investigation, and to prevent fraud and imposition upon it.'" *PDQ Coolidge Formad, LLC v. Landmark Am. Ins. Co.*, 566 F. App'x 845, 847 (11th Cir. 2014) (quoting *Laster v. U.S. Fid. & Guar. Co.*, 293 So. 2d 83, 86 (Fla. 3d DCA 1974)).

"The question of whether an insured's untimely reporting of loss is sufficient to result in the denial of recovery under the policy implicates a two-step analysis." *Yacht Club on the Intercoastal Condo. Ass'n, Inc. v. Lexington Ins. Co.*, 599 F. App'x 875, 879 (11th Cir. 2015) (quoting *LoBello v. State Farm Fla. Ins. Co.*, 152 So. 3d 595, 599 (Fla. 2d DCA 2014)). First, the Court must determine "whether the insured provided timely notice." *Id.* Second, "if

notice was untimely, prejudice to the insurer is presumed, but that presumption may be rebutted." *Id.* The Court will address each step in turn.

### A. Notice

Although there is "no bright-line rule under Florida law setting forth a particular period of time beyond which notice cannot be considered prompt," Florida courts interpret the term *prompt* to mean "that notice should be given with reasonable dispatch and within a reasonable time in view of all of the facts and circumstances of the particular case." *Yacht Club*, 599 F. App'x at 879 (internal quotation marks and citation omitted). In other words, "notice is necessary when there has been an occurrence that should lead a reasonable and prudent man to believe that a claim for damages would arise." *Id.* Whether "an insured's delayed notice to an insurer did not constitute prompt notice under the policy" is appropriate to resolve on summary judgment "when the factual record d[oes] not support an argument that the delay was reasonable." *PDQ Coolidge Formad, LLC*, 566 F. App'x at 848; *see also Yacht Club*, 599 F. App'x at 879 ("While the question as to what is a reasonable time, depending as it does upon the surrounding circumstances, is ordinarily for decision by the trier of facts, yet when facts are undisputed and different inferences cannot reasonably be drawn therefrom, the question is for the court.").

The parties do not dispute that (1) Hurricane Irma occurred on September 10, 2017; (2) Plaintiff knew of the alleged damage the day after the hurricane; and (3) Plaintiff first notified Defendant more than 27 months later, on December 20, 2019, and provided photographs of alleged damage that were taken on December 30, 2019. *See* Def. Statement ¶¶ 4–6; Pl. Statement ¶¶ 4–6. Plaintiff offers no explanation as to why its delay in filing a claim was reasonable, and Plaintiff performed numerous repairs in the meantime that altered the property's condition.[1] Def. Reply

---

[1] Plaintiff contends in its Sur-reply that Defendant impermissibly introduced this point as a new argument in its Reply. Sur-reply at 2. However, the Court deems Defendant's point about repairs as relevant to why Plaintiff's 27-month delay was untimely as a matter of law. Plaintiff also argues that these repairs were

Statement ¶ 13. The Court thus agrees with Defendant that Plaintiff's notice, given more than 27 months after Plaintiff knew of the damage, was not prompt and therefore was late as a matter of law. *Audalus v. Scottsdale Ins. Co.*, No. 20-62559, ECF No. 53, at 7 (S.D. Fla. Sept. 8, 2021) ("[R]eporting [a] loss two years after [a] hurricane does not—as a matter of law—constitute prompt notice [where] Plaintiffs were aware of the hurricane and repaired the property before reporting the loss."); *PDQ Coolidge Formad, LLC*, 566 F. App'x at 849 (six-month delay is not prompt as a matter of law); *Waldrep*, 400 So. 2d at 786 (six weeks); *Deese v. Hartford Acc. & Indem. Co.*, 205 So. 2d 328, 329 (Fla. 1st DCA 1967) (four weeks); *Morton v. Indemnity Ins. Co.*, 137 So. 2d 618 (Fla. 2d DCA 1962) (6.5 months); *see also Yacht Club*, 599 F. App'x at 882 ("Moreover, [insured] undertook certain repairs before filing a claim with [insurer]. [Insurer] was prejudiced by not being able to investigate prior to those repairs and by not participating in the repair of those damages.").

### B. Prejudice

Under Florida law, violation of a prompt notice provision triggers a legal presumption of prejudice against the insurer and shifts the burden of overcoming this presumption to the insured. *Yacht Club*, 599 F. App'x at 881; *Lehrfield*, 396 F. Supp. 3d at 1183. To carry this burden, Plaintiff must show that Defendant was able to inspect the property in the same condition it was in right after the loss, *see PDQ Coolidge Formad, LLC*, 566 F. App'x at 849–50, by presenting evidence creating a genuine dispute of fact as to "(a) whether better conclusions could have been drawn without the delay in providing notice, (b) whether those conclusions could have been drawn more easily, (c) whether the repairs to the affected areas that took place in the interim would complicate an evaluation of the extent of the damage or the insured's efforts to mitigate its damages, or (d)

---

justified because they were necessary to mitigate further damage. Sur-reply at 1. Be that as it may, Plaintiff's obligation to take reasonable steps to prevent further damage did not relieve Plaintiff of its separate obligation to promptly notify Defendant of the damage that had already occurred.

whether an investigation conducted immediately following the occurrence would not have disclosed anything materially different from that disclosed by the delayed investigation," *Lehrfield*, 396 F. Supp. 3d at 1184 (quoting *PDQ Coolidge Formad, LLC*, 566 F. App'x at 849–50) (internal quotation marks omitted). "Prejudice is properly resolved on summary judgment where an insured fails to present evidence sufficient to rebut the presumption." *PDQ Coolidge Formad, LLC*, 566 F. App'x at 849.

Plaintiff tries to create an issue of material fact using statements obtained from the parties' respective experts. Plaintiff asserts that Defendant "deposed Plaintiff's representative" and asked "relevant questions about the condition of the property before and after the hurricane." Resp. at 6. Plaintiff reports that its "expert was able to do a comprehensive inspection of the property and determine that the damages were, in fact, caused by Hurricane Irma, an insurable event under the policy." Resp. at 9. "More pertinent to the current issue," Plaintiff continues, "is that Plaintiff's expert was also able to identify specific instances in where [sic] damage by wind was 'readily identifiable.'" *Id.* If the current issue were whether Hurricane Irma caused the damage, this testimony would indeed be pertinent. However, the testimony fails to create a dispute of fact as to the actual issue—whether Plaintiff's 27-month delay prejudiced Defendant in its evaluation of the damage. Because Plaintiff's expert offers no testimony as to prejudice, his entire testimony is irrelevant to the current analysis. *See Yacht Club*, 599 F. App'x at 881; *PDQ Coolidge Formad, LLC*, 566 F. App'x at 849; *Adderly v. Hartford Ins. Co. Midwest*, No. 19-25304, 2020 WL 4915575, at *4 (S.D. Fla. Aug. 21, 2020).

Plaintiff further argues that Defendant was not prejudiced because Defendant's expert was able to examine satellite photographs of the property taken shortly after Hurricane Irma. Resp. at 7. Plaintiff highlights the expert's testimony that the roof of the property in the imagery looked similar to what was observed during the site inspection Defendant conducted after the claim was

filed.  *Id.*  But this argument merely underscores the prejudice Defendant experienced.  "The purpose of a provision for notice and proof of loss . . . is to enable the insurer to evaluate its rights and liabilities, to afford it an opportunity to make a timely investigation, and to prevent fraud and imposition upon it."  *Yacht Club*, 599 F. App'x at 881.  Because Plaintiff failed to timely notify Defendant, Defendant had no opportunity to evaluate and investigate the claim directly.  Instead, it was forced to rely on images of the exterior damage taken from 300 miles over the surface of the earth.  The Court will not equate these forms of evidence in measuring prejudice to Defendant.

Having failed to create an issue of material fact as to prejudice, or even to address any of the four factors set forth by the court in *PDQ*, Plaintiff attempts to shift the burden of proving prejudice back to Defendant.  Plaintiff asserts that Defendant's "Motion . . . fails at providing any analysis or evidence that the subject property's conditions were materially different on the date [Defendant] inspected the property compared to how they were shortly after the passing of the [*sic*] Hurricane Irma, and in turn fails to establish that such a material difference interfered with [Defendant's] ability to investigate."  Resp. at 8.  But the Court will not entertain this impermissible perversion of a rebuttable presumption under Florida law.

## CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendant's Motion [ECF No. 39] is **GRANTED**.  Summary judgment is hereby entered in favor of Defendant.  All other pending motions are **DENIED** as moot.  Final judgment will be entered by separate order.  The Clerk is directed to **CLOSE** the case.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 24th day of December, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**