UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-60729-RUIZ/STRAUSS

**MC & VC CORP.**,

    Plaintiff,

v.

**SCOTTSDALE INSURANCE COMPANY**,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court upon Scottsdale Insurance Company's Motion to Tax Costs Pursuant to Rule 54(d) and 28 U.S.C. § 1920 [DE 53] ("Motion"). The Motion has been referred to me to take all action as required by law [DE 54]. I have reviewed the Motion, the attachments thereto [DE 53-1], and the record in this case. Pursuant to the Motion, Defendant seeks an award of costs against Plaintiff in the amount of $1,054.34. Plaintiff has not filed any response to the Motion, and the time to do so has passed. For the reasons discussed herein, I respectfully **RECOMMEND** that the Motion be **GRANTED** and that the Court award Defendant costs in the amount of **$1,054.34** against Plaintiff.

## LEGAL STANDARD

"Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "[T]here is a strong presumption that the prevailing party will be awarded costs" under Rule 54. *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017) (quoting *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007)). While a trial court has some discretion in deciding whether to award costs, such discretion is not unlimited. *Id.* A decision to deny full costs must be

supported by a sound reason. *Id.* (citing *Chapman v. AI Transport*, 229 F. 3d 1012, 1039 (11th Cir. 2000)).

Nevertheless, the presumption favoring an award of costs generally applies to only those costs that are taxable under 28 U.S.C. § 1920. *Id.* (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)). In other words, a court's discretion to award costs under Rule 54 is limited by the categories of taxable costs specified in § 1920. *Id.* (citing *Arcadian Fertilizer, L.P. v. MPW Indus. Servs. Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001)). Section 1920 specifically permits the taxation of the following costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

## **ANALYSIS**

On December 27, 2021, this Court entered the Order Granting Defendant's Motion for Summary Judgment [DE 51], as well as a separate Final Judgment [DE 52] in favor of Defendant, which provides that Plaintiff shall take nothing from this action. Thus, Defendant is clearly the prevailing party. Therefore, Defendant is entitled to an award of taxable costs.

Pursuant to the Motion, Defendant seeks an award of the following costs:

| Description | Amount |
|---|---|
| Filing Fee (upon removal) | $402.00 |
| Copying/Printing Costs | $142.34 |
| Deposition Transcript | $510.00 |
| **Total** | **$1,054.34** |

I find that the requested costs are reasonable and respectfully recommend that such costs be taxed against Plaintiff. As an initial matter, Plaintiff's failure to respond to the Motion "may be deemed sufficient cause for granting the [M]otion by default." S.D. Fla. L.R. 7.1(c)(1). Regardless, each of the costs sought appear to be taxable, and the Court does not have the benefit of a response to indicate otherwise.

First, the filing fee paid by Defendant upon removal is clearly taxable under § 1920(1) as fees of the clerk.

Second, the copying/printing costs are taxable under either § 1920(3) or § 1920(4). It is not entirely clear whether the sum sought for these costs relates to printing or copying. If the latter, § 1920(4) provides for the taxation of these costs if the copies were "necessarily obtained for use in the case." If printing costs are at issue, however, the costs are taxable under § 1920(3), and § 1920(3) does not contain the same "necessarily obtained" limitation as § 1920(4). Nonetheless, in the Motion, Defendant asserts that the copying/printing costs were "necessary and incidental to [Defendant's] litigation of this case," Motion at 2, and Defendant explains that it incurred these costs "in anticipation of defending Plaintiff's deposition of Defendant's Corporate Representative," Motion at 4. Thus, based on the representations in the Motion, and without the benefit of a response, I conclude that the copying/printing costs are taxable under either § 1920(3) or § 1920(4).

Finally, the deposition transcript cost is taxable under § 1920(2). Under § 1920(2), deposition transcript costs are taxable if the transcripts were "necessarily obtained for use in the case." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000). *See also Pronman v. Styles*, No. 12-80674-CIV, 2015 WL 6913391 (S.D. Fla. Nov. 10, 2015). Court reporter attendance fees are also taxable under § 1920(2). *DuChateau v. Camp Dresser & McKee, Inc.*, No. 10-60712-CIV, 2012 WL 1069166, at *2 (S.D. Fla. Mar. 29, 2012). To satisfy the necessarily obtained requirement – in order to recover transcript and court reporter appearance expenses – a deposition must only appear to have been reasonably necessary when it was taken. *See W&O*, 213 F.3d at 620-22; *Savino v. Federated Law Grp., PLLC*, No. 18-60956-CIV, 2019 WL 2008901, at *1 (S.D. Fla. Mar. 28, 2019); *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1292 (S.D. Fla. 2015); *Pronman*, 2015 WL 6913391. Moreover, the party challenging the cost has the burden of demonstrating that the specific deposition "was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *Pronman*, 2015 WL 6913391 (quoting *George v. Fla. Dep't of Corr.*, No. 07–80019–CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008)). *See also W&O*, 213 F.3d at 621.

Here, Defendant seeks to recover the costs it paid for the deposition transcript of Plaintiff's corporate representative, Melepurackal Chacko. Defendant contends that the transcript was necessarily obtained for use in this case because it used the transcript in support of its summary judgment motion. *See* Motion at 4. Plaintiff has not challenged this contention. Therefore, the cost for this deposition transcript should be taxed in accordance with § 1920(2).

## **CONCLUSION**

For the reasons discussed above, I respectfully **RECOMMEND** that the District Court **GRANT** the Motion [DE 53] and award Defendant taxable costs in the amount of **$1,054.34** against Plaintiff.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Rodolfo A. Ruiz, II, United States District Judge.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 24th day of January 2022.

*[signature]*
Jared M. Strauss
United States Magistrate Judge