UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-60729-RUIZ/STRAUSS

MC & VC CORP.,

    Plaintiff,

v.

SCOTTSDALE INSURANCE COMPANY,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court upon Scottsdale Insurance Company's Verified Motion for Attorney's Fees and Costs and Motion for Costs Not Recoverable Under 28 U.S.C. § 1920 but Recoverable Under Fla. Stat. § 768.79 ("Motion") [DE 56], filed on February 2, 2022. The Motion has been referred to me to take all action as required by law [DE 57]. I have reviewed the Motion and all attachments thereto, as well as the record in this case. No response to the Motion has been filed, and the time to file a response has passed (on February 16, 2022). For the reasons discussed herein, I respectfully **RECOMMEND** that the Motion be **GRANTED**.

## BACKGROUND

Plaintiff commenced this action in state court on March 11, 2021. The case was subsequently removed to this Court. On December 27, 2021, the Court entered the Order Granting Defendant's Motion for Summary Judgment [DE 51], as well as a separate Final Judgment [DE 52] in favor of Defendant, which provides that Plaintiff shall take nothing from this action. Pursuant to the Motion, Defendant now seeks to recover attorneys' fees and non-taxable costs (i.e.,

those that are not taxable under 28 U.S.C. § 1920)[1] based upon a $10,000 offer of judgment [DE 56-1] that it served on Plaintiff on August 27, 2021.  Plaintiff did not accept the offer of judgment.

## ANALYSIS

### I.   ENTITLEMENT

Defendant is entitled to an award of reasonable attorneys' fees and costs (since August 27, 2021) against Plaintiff under Florida's offer-of-judgment statute.  Section 768.79 is substantive and therefore applies in this diversity action.  *B & D Nutritional Ingredients, Inc. v. Unique Bio Ingredients, LLC*, 855 F. App'x 503, 506-07 (11th Cir. 2021) (citing *Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1258 (11th Cir. 2011)).  In civil actions for damages, the statute provides that "if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees . . . from the date of filing of the offer if the judgment is one of no liability . . . ." § 768.79(1), Fla. Stat.  *See also B & D Nutritional Ingredients*, 855 F. App'x at 506 ("Florida's offer-of-judgment statute, § 768.79, permits an award of reasonable attorney's fees where, among other scenarios, 'a plaintiff refuses to accept an offer of judgment from the defendant and the ensuing judgment is one of no liability on the part of the defendant.'" (citations omitted)).

Here, the Final Judgment [DE 52] is one of no liability, and the offer of judgment appears to have been made in good faith.  Moreover, Plaintiff has not filed any response claiming that the offer of judgment failed to comply with § 768.79 or that it is otherwise invalid.[2]  Therefore, I find that Defendant is entitled to recover its reasonable attorneys' fees and costs, since August 27, 2021 (the date the offer of judgment was served), under Florida's offer-of-judgment statute.

---

[1] The Court previously granted Defendant's request for an award of taxable costs [DE 58].
[2] Plaintiff's failure to respond to the Motion "may be deemed sufficient cause for granting the [M]otion by default." S.D. Fla. L.R. 7.1(c)(1).

## II.      REASONABLE ATTORNEYS' FEES

I find that the amount of attorneys' fees requested by Defendant ($10,332) is reasonable. When determining the reasonableness of attorneys' fees, courts begin by multiplying a reasonable hourly rate by the number of hours reasonably expended. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The result of that calculation is known as the lodestar, s*ee id.* at 1301-02, which is "strongly presumed to be reasonable." *Martinez v. Hernando Cnty. Sheriff's Office*, 579 F. App'x 710, 715 (11th Cir. 2014) (citations omitted).

The party seeking an award of fees has the burden of documenting the hours incurred and the applicable hourly rates. *Norman*, 836 F.2d at 1303 (citing *Hensley*, 461 U.S. at 437). Fee applicants are required to exercise billing judgment and to exclude entries that are excessive, redundant, or otherwise unnecessary. *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (citing *Hensley*, 461 U.S. at 434). Entries for clerical or administrative tasks should also be excluded. *See Ortega v. Berryhill*, No. 16-24697-CIV, 2017 WL 6026701, at *2 (S.D. Fla. Dec. 5, 2017) ("Purely clerical or secretarial tasks that require no legal skill or training, such as converting pleadings to PDF, faxing and mailing, updating lists and calendars, and filing or e-filing documents, should not be billed at a paralegal rate regardless of who performs them." (citing *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999))).

It is axiomatic that hours that are unreasonable to bill to one's client are unreasonable to bill to an adversary, "*irrespective of the skill, reputation or experience of counsel*." *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301). If fee applicants fail to exercise billing judgment, courts must do it for them. *Id.* A court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an

3

independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (citations omitted).

Courts reviewing fee applications "need not, and indeed should not, become green-eyeshade accountants.  The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).  Consequently, "[w]hen a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut."  *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citing *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994)).

Here, both the requested hourly rates and the number of hours billed are reasonable.  As to the hourly rates, Defendant seeks approval of: (1) a $250 hourly rate for attorney Julia Young, who was admitted to the South Carolina Bar 19 years ago and the Florida Bar 10 years ago; (2) a $210 hourly rate for attorney Derrick Natal, who was admitted to the Florida Bar 1 year ago; and (3) a $100 hourly rate for paralegal Heather Sadusky, who has worked as legal support staff at her firm for nearly 25 years.  Based on my own knowledge regarding reasonable hourly rates in this community, I find that the requested hourly rates are reasonable given the experience of each timekeeper.

In terms of hours, Defendant asserts that Ms. Young reasonably incurred 3.8 hours, that Mr. Natal reasonably incurred 40.2 hours, and that Ms. Sadusky reasonably incurred 9.4 hours.  I have reviewed the billing records [DE 56-2] and all other attachments submitted along with the Motion.  I agree that the hours sought are reasonable.  None of the hours requested are excessive, redundant, or otherwise unnecessary.  Therefore, all of the requested hours should be awarded.

Consequently, the lodestar figure for this matter is $10,332. This includes $950 for Ms. Young (3.8 hours * $250), $8,442 for Mr. Natal (40.2 hours * $210), and $940 for Ms. Sadusky (9.4 hours * $100). I find the lodestar amount of $10,332 to be reasonable.

### III.     REASONABLE COSTS

The costs Defendant is entitled to under Florida's offer-of-judgment statute are "reasonable costs, including investigative expenses . . . calculated in accordance with the guidelines [the "Guidelines"] promulgated by the Supreme Court, incurred from the date the offer was served." § 768.79(6)(a), Fla. Stat. In the Motion, Defendant requests an award of $562.50 in costs paid for the parties' November 5, 2021 mediation. *See* [DE 56-3].

The Guidelines, which are contained in Appendix II to the Florida Rules of Civil Procedure, note that they "are advisory only" and that "[t]he taxation of costs in any particular proceeding is within the broad discretion of the trial court." Nonetheless, they indicate various litigation costs that "should" be taxed, others that "may" be taxed, and others that "should not" be taxed. The mediation expense sought falls in the "may" category. As Plaintiff has not responded to the Motion, and as the mediation expense is one which may be taxed under the Guidelines, I recommend that the Court award Defendant the $562.50 mediation expense.

### CONCLUSION

For the reasons discussed above, I respectfully **RECOMMEND** that the District Court **GRANT** the Motion [DE 56], and award Defendant attorneys' fees in the amount of **$10,332** and non-taxable costs in the amount of **$562.50**, for a total award of **$10,894.50.**

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Rodolfo A. Ruiz, II, United States District Judge. Failure to timely file objections shall bar the

parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 14th day of March 2022.

Jared M. Strauss
United States Magistrate Judge